In re the Marriage of Terrie Lee
HOLLANDER, Petitioner,
Respondent,

v.

John Malcolm HOLLANDER,
Appellant.

No. C2-84-1062.

Court of Appeals of Minnesota.

Dec. 11, 1984.

Barbara J. Gislason, Anoka, for respondent.

Richard J. Haefele, Chaska, for appellant.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

LANSING, Judge.

John Hollander appeals from a dissolution judgment and decree dissolving his marriage with Terrie Lee Hollander but reserving the issues of maintenance and property division. He contends the evidence is insufficient to support the court's finding of an irretrievable breakdown of the marriage. We affirm.

## FACTS

The parties were married in 1970. At the time of the marriage Terrie Hollander was 16 years old and John Hollander was 31. They are now 31 and 46, respectively. They have no children. He has an undetermined interest in four companies (Hollander Auto Parts, Inc.; Hollander Enterprises, Inc.; Guaranteed Parts, Inc.; and Hollander Publishing Co.).

John Hollander has opposed the dissolution since the parties separated in November 1981. He has refused to appear at depositions, provide any business or financial records, or complete interrogatories, in violation of two court orders. He says he will not provide this information until he can "handle it emotionally."

On the first day of trial Hollander dismissed his third attorney and notified the trial court that he would commit suicide if the court granted the dissolution. Hollander did not appear for trial, but his new attorney did. After hearing testimony from Terrie Hollander, the court dissolved the marriage, reserved the property and maintenance issues, and ordered Hollander to produce the requested records or face contempt sanctions.

## ISSUE

Did the trial court err in dissolving the marriage?

## ANALYSIS

Dissolutions, both contested and uncontested, are governed by Minn.Stat. § 518.-13:

> Subd. 2. If one of the parties has denied under oath or affirmation that the marriage is irretrievably broken, the court shall consider all relevant factors, including the circumstances that gave rise to the commencement of the proceeding and the prospect of reconciliation, and shall make a finding whether the marriage is irretrievably broken.
>
> A finding of irretrievable breakdown under this subdivision is a determination that there is no reasonable prospect of reconciliation. The finding must be supported by evidence that (i) the parties have lived separate and apart for a period of not less than 180 days immediately preceding the commencement of the proceeding, or (ii) there is serious marital discord adversely affecting the attitude of one or both of the parties toward the marriage.
>
> Subd. 3. If both parties by petition or otherwise have stated under oath or affirmation that the marriage is irretrievably broken, or one of the parties has so stated and the other has not denied it, the court, after hearing, shall make a finding that the marriage is irretrievably broken.

Minn.Stat. § 518.13, subds. 2, 3 (1982). John Hollander argues that the court did not consider his mental condition as one of the relevant factors and that the evidence is insufficient to sustain the court's finding of an irretrievable breakdown.

■ Although Terrie Hollander initiated the marital dissolution proceedings, John Hollander's first attorney filed a counter-petition, also alleging an irretrievable breakdown of the marriage relationship. Hollander signed the verification of the counter-petition. Although he now argues that he cannot remember reading the counter-petition until preparing for this appeal, there is no evidence in the record that he was unaware of the contents of the counter-petition or that his attorney mistakenly alleged an irretrievable breakdown of the marriage. Therefore, Hollander's signature on the verification is a sufficient basis for finding that the marriage is irretrievably broken. *See* Minn.Stat. § 518.13, subd. 3.

■ In addition, a finding of irretrievable breakdown can be supported by evidence of serious marital discord adversely affecting the attitude of one or both of the parties toward the marriage. *Id.*, subd. 2. Terrie Hollander testified on direct examination that she wanted the marriage to end, and on cross-examination that she felt there was no prospect of reconciliation. The parties had been separated for more

than two years at that point. This is sufficient evidence of marital discord adversely affecting her attitude toward the marriage. The court in its findings need not specify the facts establishing an irretrievable breakdown. Uniform R.P. for Family Ct. Dissolution Matters 5.04 (1978).

■ Hollander also contends the trial court erred in "bifurcating" the proceeding by granting the dissolution but reserving the maintenance and property issues. Although it is preferable to resolve those issues at one trial, Hollander's active obstruction of the discovery process and his decision not to appear for trial caused the court to vary the proceedings. The trial court was attempting to fashion a procedure to ensure complete discovery and to allow Hollander a second chance to be heard on the issues of maintenance and property division. His attorney did not object to this procedure or move for amended findings or a new trial. Under the circumstances this is not an abuse of discretion.

The record shows that the trial court has carefully considered John Hollander's mental and emotional condition by assuring that he has appropriate access to representatives of the mental health profession. That is the proper context for consideration, rather than an appeal that has little merit and generated legal fees for both parties that would have been better spent in resolving the remaining issues.

## DECISION

The trial court's finding of an irretrievable breakdown of the marriage can be sustained under both subdivisions 2 and 3 of Minn.Stat. § 518.13. The court did not err in bifurcating the dissolution proceeding.

Affirmed.