*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0900**

Heidi Jo Olson, petitioner,
Respondent,

vs.

Mark Douglas Olson,
Appellant.

**Filed February 29, 2016
Affirmed
Connolly, Judge**

Sherburne County District Court
File No. 71-FA-14-111

Deborah N. Dewalt, Dewalt Law Office, Burnsville, Minnesota (for respondent)

Mark D. Olson, Big Lake, Minnesota (pro se appellant)

Considered and decided by Connolly, Presiding Judge; Stauber, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CONNOLLY**, Judge

Appellant challenges the dissolution of the parties' marriage, arguing that the district court abused its discretion in denying his motion for a new trial. Because we see no abuse of discretion, we affirm.

**FACTS**

Appellant Mark Olson and respondent Heidi Jo Olson were married in July 2003, when both were in their late forties.  They separated in 2006.  Following a trial in 2014 at which respondent was represented by counsel and appellant was pro se, the district court dissolved their marriage and awarded respondent the real property that she had owned at the time of the marriage.

Appellant filed posttrial motions for a new trial and to seal the file.  He challenges the denial of those motions.

**DECISION**

"We review a district court's new trial decision under an abuse of discretion standard."  *Moorhead Econ. Dev. Auth. v. Anda*, 789 N.W.2d 860, 892 (Minn. 2010).  "A district court abuses its discretion when it makes findings unsupported by the evidence or when it improperly applies the law."  *Hemmingsen v. Hemmingsen*, 767 N.W.2d 711, 716 (Minn. App. 2009), *review granted* (Minn. Sept. 29, 2009), *appeal dismissed* (Minn. Feb. 1, 2010).

Appellant argues that the district court erred in failing to consider that his marriage was based on religion and thus implicitly indissoluble.  Specifically, he objects to the district court's statement that "[t]he only marriage [it was] dealing with [was] the marriage that is called for under the Minnesota statutes"; its refusal to let appellant's pastor testify on the nature of marriage; and its failure to consider evidence that, when the parties married, respondent allegedly shared appellant's views on the indissolubility of marriage.

2

But, while the consent of both parties is required for marriage, a dissolution may be based on only one party's belief that there has been an irretrievable breakdown of the marriage relationship. *See* Minn. Stat. § 518.06, subd. 1 (2014). Whatever the parties believed at the time of the marriage, at trial respondent clearly expressed the belief that the breakdown of their marriage was irretrievable. A finding of irretrievable breakdown of a marriage can be supported by evidence of serious marital discord affecting the attitude of one party toward the marriage or evidence that the parties have lived apart for not less than 180 days immediately prior to the proceeding. *Hollander v. Hollander*, 359 N.W.2d 55, 56-57 (Minn. App. 1984); *see* Minn. Stat. § 518.13, subd. 2 (2014). Here, evidence showed that the parties had lived apart for about nine years at the time of trial, and respondent explicitly stated her view that there has been an irretrievable breakdown of the marriage. The district court's finding of an irretrievable breakdown is supported by the evidence; the dissolution was not an abuse of discretion.[1]

Appellant also challenges the district court's financial findings and conclusions, specifically those relating to the award to respondent of the real property she owned prior to the marriage. "A [district] court has broad discretion in evaluating and dividing property in a marital dissolution and will not be overturned except for abuse of discretion. [An appellate court] will affirm the [district] court's division of property if it had an acceptable

---

[1] Appellant raises various arguments as to the unconstitutionality of Minnesota's no-fault divorce law, but, because he did not notify the attorney general of this constitutional challenge, the issue is not properly before us. *See* Minn. R. Civ. App. P. 144.

basis in fact and principle even though we might have taken a different approach." *Antone v. Antone*, 645 N.W.2d 96, 100 (Minn. 2002) (citation omitted).

Appellant did some work on respondent's property. The district court found that his work "resulted in no measurable increase in value to [the] real estate, because many of the home improvement projects were started but never finished . . . and [appellant] presented no estimate or other evidence that his work increased property values [and] has already been monetarily compensated for his labor on the property."

Some of the materials for the home improvements were paid for from a joint account into which the parties had deposited the $32,525 they received in insurance proceeds for hail damage to the roof. The district court found:

> [Respondent] has not established that [appellant] wasted, or was unjustly enriched by, the insurance proceeds. . . . [She] acknowledges that [he] spent some of the withdrawals from the account on repairs or improvements to her real estate, and has submitted no evidence of how any additional withdrawals were spent.
> At the same time, [appellant] has not established that [respondent] owes him for labor he performed, or that the property division should reflect the value he added to [her] real estate. The record reflects that [appellant] was compensated for his labor through his own withdrawals from the [joint] account, plus additional payments from [respondent].

The district court's decision reflects that it weighed both parties' arguments. Appellant cites no evidence to refute these findings, to show that he was prejudiced by an error of the district court, or to indicate that the district court was biased against him.

Finally, appellant challenges the denial of his motion to seal the record. The record should be sealed only when the interests favoring public access to the record are

4

outweighed by the interests favoring sealing the record. *Minneapolis Star & Tribune Co. v. Schumacher*, 392 N.W.2d 197, 202 (Minn. 1986). Appellant does not specify which parts of the record should be sealed and offers only speculation as to what harm might occur if the record is not sealed. The district court did not abuse its discretion in denying the motion.

**Affirmed.**